UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FIRE BARRIER, INC, ET AL., <br><br> Defendants. <br> _____/ | No. C 05-0034 PJH  (JL) <br><br> **SUPPLEMENTAL REPORT AND RECOMMENDATION RE MOTION FOR DEFAULT JUDGMENT** <br> **(Docket Number 14)** |

**Introduction**

The district court (Hon. Phyllis J. Hamilton) referred Plaintiffs' motion for default judgment under Rule 55(b) Federal Rules of Civil Procedure to this Court for Report and Recommendation as provided by 28 U.S.C. § 636(b) and Civil Local Rule 72.

This Court submitted its Report and Recommendation to the district court and Plaintiffs filed objections. The case was referred to this Court for further findings. Upon review of the objections, this Court makes the following additional findings, incorporating by reference its legal analysis in its original Report and Recommendation, and recommends that the district court grant Plaintiffs' motion and enter judgment accordingly.

**Analysis**

Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, when a judgment in favor of the plan is awarded, the court shall award the plan the amount of the unpaid

contributions, plus interest, liquidated damages, reasonable attorneys' fees and costs, and any other legal or equitable relief the court deems appropriate. Interest shall be determined by using the rate provided under the plan. Liquidated damages shall be calculated as the greater of an amount equal to interest, or the liquidated damages provided under the plan.

Plaintiffs have proved up damages of $11,295.22 in unpaid contributions for June, July, August, September and October, 2004, based on the Trust Funds' Statement of Contributions Due and Defendants' own Employer's Report of Hours (Exs. B and C to John Hagan Declaration). Plaintiffs' claim excludes amounts contributed for Contract Administration and Industry Stabilization. Multiplying the remaining contribution rates as shown on the Employer's Reports by the hours reported verifies that the amounts claimed for known delinquent contributions, as shown on Ex. B to the Hagan Declaration, are correct. The unpaid contributions are as follows: $2,507.50 for June 2004, $1,355.32 for July 2004, $3,497.60 for August 2004, $2,186.00 for September 2004 and $1,748.80 for October 2004. The total is $11,295.22. This is less than $13,543.37, the amount alleged in the Amended Complaint. The court may award the proved-up amount because it does not exceed the amount alleged in the Amended Complaint.

Section 28A of the Laborers Master Agreement provides for interest at the rate of 1.5% per month (18% per year) and flat fee liquidated damages of $150.00 for each delinquent contribution. (Ex. A to Hagan Decl. at p. 9) The Court in its original Report and Recommendation was concerned about the accuracy of Plaintiffs' calculation of interest and liquidated damages on these unpaid contributions. In their Objections, Plaintiffs advised that the amounts were verified by the calculations in Exhibits D and E to the Hagan Declaration.

In Exhibit D, Plaintiffs set forth their claim for unpaid interest and flat fee liquidated damages charged on contributions that were paid late for the work periods from September 2003 through May 2004.  Calculated through November 25, 2004, these amount to $1,950.00 in flat fee liquidated damages and $879.69 in interest. These amounts are verified by the liquidated damages calculations attached as Exhibit E to the Hagan

1  Declaration. Therefore, the Court recommends that the district court award liquidated
2  damages and interest through November 25, 2004 in the amount of $2,907.06.

3      For the $11,295.22 in contributions that remain unpaid for June through October of
4  2004, Plaintiffs request additional interest from November 25, 2004 to the date of the
5  judgment. At the rate of 18% per year, interest on $11,295.22 is $2,033.14 per year,
6  $169.43 per month or $5.57 per day. Consequently, this Court recommends an award to
7  Plaintiffs for interest due from November 25, 2004 through December 25, 2005 in the
8  amount of $2,202.59.

9      In lieu of the $600.00 in liquidated damages charged for the June, July and August
10 2004 contributions that remain delinquent (Hagan Decl., Ex. D), Plaintiffs ask the court to
11 award $2,202.59, an amount equal to interest as provided in 29 U.S.C. §1132(g)(2)(c)(ii).
12 This amount does not exceed 20% of $11,295.22, the amount of unpaid contributions for
13 the relevant time period ($11,292.22 x 0.20=$2,259.04). The Court reviewed these
14 calculations and the statutory basis for them and is satisfied they are accurate. Plaintiffs
15 advise that if an audit reveals additional unreported hours, then they may seek another
16 judgment from the court. This Court finds this to be proper as there is no good reason to
17 delay entering default judgment for the pre-audit amount. (FRCP Rule 54(b)). The court at
18 this time should grant $2,202.59.

19     Accordingly, before attorneys' fees and costs, the amount of the claim proved up is
20 as follows:

21     $11,295.22 unpaid contributions for June, July, August, September and October,
22     2004;
23     $879.69 unpaid interest accrued to November 25, 2004, on contributions due for the
24     period September 2003 through September 2004;
25     $1,950.00 unpaid liquidated damages on contributions due during the period
26     September 2003 through September 2004;

1 $600.00 flat fee liquidated damages charged for June, July, August, and September,
2 2004 (4 x $150), to be replaced by an award equal to interest pursuant to 29 U.S.C.
3 § 1132(g)(2)(c)(ii) ($2,202.59).
4 The subtotal for amounts due as of November 25, 2004 is $13,524.91.
5 Interest on the $11,295.22 in delinquent contributions, at the rate of 1.5% per month
6 for 13 months, from November 25, 2004 to December 25, 2005 ($169.43 x 13), in
7 the amount equal to interest per 29 U.S.C. § 1132(g)(2)(c)(ii), is $2,202.59.
8 Subtotal before attorneys' fees and costs of suit is $17,930.09.

In the original Report and Recommendation, this Court was concerned that Plaintiffs had miscalculated their attorneys' fees and costs. Plaintiffs requested $454.56 in costs and $2,907.06 in attorneys' fees. (Watson Decl. at 2).  The $454.56 correctly reflected the costs on the Detail Cost Transaction File List submitted by Plaintiffs. (Exhibit A to Watson Dec.). As to fees, Plaintiffs' Detail Fee Transaction File List shows a total of $2,452.50. (Exhibit B to Watson Dec.). The evidence supports *total* attorney fees and costs in the amount of $2,907.06 ($454.56 + $2,452.50).

Plaintiffs in their Objections advised that there was a typing error in paragraph 6 of the May 25, 2005 Declaration of James P. Watson. The detailed billing statement, attached to the Watson Declaration as Exhibit B, shows the correct amount of attorneys' fees, which is $2,452.50. Exhibit C lists costs of $454.56.

Adding these attorneys' fees and costs to the subtotal of $17,930.09, yields a total judgment amount with interest calculated to December 25, 2005 of $20,837.15.

This Court therefore recommends that the district court order entry of judgment for Plaintiffs in the amount of $20,837.15.

Respectfully submitted.

DATED: February 8, 2006

_____
JAMES LARSON
Chief Magistrate Judge