UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE MORENO, et al.,

    Plaintiffs,

    v.

FIRE BARRIER, INC., et al.,

    Defendants.
_____/

No. C 05-0034 PJH

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The court has reviewed Magistrate Judge Larson's Supplemental Report and Recommendation Re: Motion for Default Judgment. The court adopts the Report and Recommendation in part, as follows:

Plaintiff's motion for default judgment is GRANTED. Pursuant to 29 U.S.C. § 1132(g)(2), judgment shall be entered in plaintiffs' favor and against defendants Fire Barrier, Inc. and Lorraine E. Graves, in the amount of $11,295.22 in delinquent contributions for June through October 2004[1], $2,641.71 in interest on those delinquent contributions (up through the date of judgment), $2,641.71 in double interest on the delinquent contributions (per § 1132(g)(2)(C)(ii)), $2,452.50 in attorneys' fees, and $454.46 in costs.

Plaintiffs also contend that they have proven the existence of $879.69 in unpaid interest that accrued on contributions due during the period September 2003 through September 2004, and $1950.00 in unpaid liquidated damages on those same contributions. See Declaration of

---

[1] Plaintiffs have proven up $11,295.22 in unpaid, or delinquent, contributions for June through October 2004. There is a suggestion, however, in plaintiffs' Objections to Report and Recommendation re Motion for Default Judgment ("Plaintiffs' Objections") that the October 2004 payment may no longer be delinquent. See Plaintiffs' Objections at 3:16-18 (referring to June - September 2004 payments as those that "remain delinquent"). If so, plaintiffs are instructed to bring this issue to the court's attention immediately, so that the court's calculation of damages, including interest, may be adjusted accordingly.

John Hagan in Support of Plaintiffs' Motion for Default Judgment ("Hagan Decl."), ¶¶ 9-12, Ex. D. According to the Supplemental Report and Recommendation, these amounts are to be charged in connection with contributions that were paid in untimely fashion, as opposed to those contributions that were never paid. Plaintiffs seek judgment in these additional amounts.

The court notes, however, that in setting forth the additional amounts for the period September 2003 through September 2004, plaintiffs improperly seek a double recovery for the unpaid contribution amounts for June through September 2004. Although plaintiffs subtract $600.00 from the liquidated damages sum to account for the amounts already awarded for those contributions, plaintiffs fail to do a similar offset for the unpaid contributions with respect to the $879.69 in interest. Applying the proper offset, the proper interest to be awarded, for the period September 2003 through June 2004, is in reality $530.69 (using plaintiffs' own calculations). Accordingly, for the untimely contributions made from September 2003 through June 2004, plaintiffs' proper recovery is $1350.00 in liquidated damages and $530.69 in interest, per the terms of the plan. These amounts are in addition to the amounts set forth above with respect to the unpaid contributions for June 2004 through October 2004.

Therefore, judgment shall be entered in favor of plaintiffs in the total amount of $21,366.29.

**IT IS SO ORDERED.**

Dated: March 15, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

cc: Wings, Assigned M/J,
    counsel of record